UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| REGINALD K. TOWNSEND, ) | |
| ) | |
| *Petitioner,* ) | |
| ) | Cause No. 3:16-cv-356 RLM |
| v. ) | (Arising from 3:02-cr-18 RLM) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent.* ) | |

OPINION AND ORDER

This matter is before the court on petitioner Reginald Townsend's motion to vacate his sentence under 28 U.S.C. § 2255. For the reasons that follow, the court denies his motion.

A person convicted of a federal crime can challenge his sentence on grounds that it violates the Constitution or laws of the United States. 28 U.S.C. § 2255(a). An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. The factual and legal issues raised can be resolved on the record, so no hearing is necessary.

A jury convicted Mr. Townsend of armed bank robbery, 18 U.S.C. § 2113(d), and using a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii). The court sentenced him to prison for 300 months for the bank robbery and 84 months for using the firearm, to be served consecutively. Mr. Townsend's bank robbery sentence was enhanced because the court determined him to be a "career offender" under the Sentencing Guidelines; the instant crime

was a "crime of violence" and he had two prior felony robbery convictions, each of which was a "crime of violence." U.S.S.G. §§ 4B1.1, 4B1.2. The career offender status enhanced his base offense level from 20 to 34, resulting in a recommended sentencing range of 262 to 327 months, and the court decided on 300 months. The use of a firearm in connection with a "crime of violence" added a minimum of 84 months onto that sentence. 18 U.S.C. § 924(c)(1)(A)(ii); U.S.S.G. § 2K2.4.

Mr. Townsend argues that, after the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2251 (2015), bank robbery isn't a "crime of violence" under 18 U.S.C. § 924(c), and so his conviction for using a firearm in connection with a crime of violence can't stand.[1] After his petition was fully briefed, our court of appeals held that bank robbery is a "crime of violence" under the "elements clause" of 18 U.S.C. § 924(c)(3). United States v. Armour, No. 15-2170, 2016 WL 6440383, at *2 (7th Cir. Nov. 1, 2016).

Mr. Townsend's conviction is thus valid and the court DENIES his motion to vacate it [Doc. No. 156].

SO ORDERED.

ENTERED:  November 29, 2016

                                       /s/    Robert L. Miller, Jr.
                                       Judge
                                       United States District Court

---

[1] Mr. Townsend originally argued that Indiana robbery is also not a "crime of violence" under the guidelines. While this motion was being briefed, our court of appeals decided otherwise under the identical definition of "violent felony" in the Armed Career Criminal Act, United States v. Duncan, 833 F.3d 751 (7th Cir. 2016), and so Mr. Townsend chose to drop this argument. See also United States v. Armour, No. 15-2170, 2016 WL 6440383 (7th Cir. Nov. 1, 2016) (extending Duncan explicitly to the guidelines).

2